NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE USA, INC., | : |
| Plaintiff, | : Civil Action No.: 13-108 (ES) (MAH) |
| v. | : MEMORANDUM OPINION & ORDER |
| BIG ROCK JEANS CO., LTD., ASSAASALLAH T. ALAWIE AKA SAAD LAWIE | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Nike USA, Inc.'s third motion for default judgment pursuant to Federal Rule of Civil Procedure 55, (D.E. No. 14), and the Court having considered Nike's submissions, and it appearing that:

1. On January 7, 2013, Nike commenced this action by filing a Complaint against Big Rock Jeans Co., Ltd. ("Big Rock") and Assaasallah T. Alawie, also known as Saad Lawie ("Alawie") (collectively "Defendants"), pursuant to 28 U.S.C. § 1332. (*See* D.E. No. 1). Plaintiff is an Oregon entity, Defendant Big Rock is a New York entity, Alawie is a resident of New York, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.*).

2. Venue in this Court is appropriate under 28 U.S.C. § 1391(b)(2) since, as set forth in paragraph 10, "a substantial part of the events or omissions giving rise to the claim" occurred within this judicial district.

3. On August 2, 2013, Nike filed its first motion for default judgment against Alawie. (D.E. No. 6).

4. On October 16, 2013, Nike requested that the Clerk enter default as to Alawie, (D.E. No. 7), and the Clerk entered default as to Alawie on October 18, 2013.

5. On December 6, 2013, the Court denied without prejudice the first motion for default judgment because the motion was filed before the Clerk had entered default. (D.E. No. 9).

6. On December 23, 2013, Nike filed its second motion for default judgment against Alawie. (D.E. No. 10).

7. On July 28, 2014, the Court denied without prejudice the second motion for default judgment because personal jurisdiction over Alawie was unclear and also because Nike did not file a brief in support of its motion in violation of Local Civil Rule 7.1. (D.E. No. 11).

8. On September 18, 2014, Nike filed its third motion for default judgment against Alawie. (D.E. No. 14).

9. Nike is abandoning its claims against Big Rock. (D.E. No. 14-2, Certification of Joseph A. Molinaro, Esq. ("Molinaro Cert.") ¶ 8; D.E. No. 14-3, Plaintiff's Brief in Support of its Motion to Enter Default Judgment ("Br.") at 4).

10. "Before entering a default judgment, the Court must address the threshold issue of whether it has personal jurisdiction over the parties." *FS & S Holdings, LLC v. Skultety*, No. 10-2923, 2011 WL 1205449, at *3 (D.N.J. Mar. 28, 2011) (quotations and textual modification omitted). "A default judgment entered without personal jurisdiction over the defendant is void." *Howard Johnson Int'l v. Patel*, No. 11-918, 2011 WL 2148575, at *2 (D.N.J. May 31, 2011). "Under Federal Rule of Civil Procedure 4(e), a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). This requires the court to engage in a two-part inquiry: "First, there must be a statutory basis for

exercising jurisdiction over the nonresident defendant in accordance with the law of the forum state.  Second, the nonresident must have minimum contacts with the forum state sufficient to satisfy constitutional due process." *Id.* (citation omitted).  New Jersey statutory law permits this Court to exercise personal jurisdiction over a nonresident defendant to the extent possible under the Due Process Clause of the Fourteenth Amendment.  *Avdel Corp. v. Mecure*, 58 N.J. 264, 268, 277 A.2d 207, 209 (1971) (citing Rule 4:4-4(e)).  "The test for due process requires only that in order to subject a defendant to a judgment in personam, if he [or she] be not present within the territory of the forum, he [or she] have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Blakey v. Cont'l Airlines, Inc.*, 164 N.J. 38, 66, 751 A.2d 538, 554 (2000) (citation omitted).  "The minimum contacts requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Id.* at 67, 751 A.2d at 555 (citation omitted).  Here, on October 4, 2011, Alawie completed on behalf of Big Rock a "Nike USA Account Application and Agreement" (the "Agreement") (D.E. No. 14-1, Affidavit of Tanya Eimon ("Eimon Aff."), Ex. B).  The Agreement states that Alawie is President and 100% owner of Big Rock.  (*Id.*).  On October 5, 2011, Alawie executed a Personal Guaranty (the "Guaranty") before a Notary Public.  (Eimon Aff., Ex. C).  Both items were faxed to Nike's main office in Beaverton, Oregon, on October 6, 2011.  (Eimon Aff. ¶ 6).  Thereafter, Big Rock—through Alawie as 100% owner and President—requested certain Nike goods be delivered to the Big Rock retail store located at 1051 Springfield Avenue, Irvington, New Jersey.  (*Id.* ¶ 3; *see also id.*, Ex. A (Big Rock account statement)).  Nike has not received payment for the goods sold and delivered to Big Rock and brings this action to recover the money owed from Alawie, as personal guaranty.  Furthermore, as part of the Guaranty, Alawie consented to jurisdiction "in any court of competent

jurisdiction" pertaining to suits filed by Nike to enforce the Guaranty. (Eimon Aff., Ex. C ¶ 9). Thus, the Court is satisfied that Alawie's purposeful conduct resulted in minimum contacts with the State of New Jersey and that it has personal jurisdiction over him.

11. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

12. First, the Court finds that Nike has provided sufficient proof of service. The Federal Rules of Civil Procedure permit a plaintiff to serve an individual defendant by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Here, process was served upon a member of Alawie's family over the age of 18 at Alawie's residence in accordance with Rule 4(e)(2)(B). (Molinaro Cert., Ex. A).

13. Second, the Court is satisfied that Nike has stated a sufficient cause of action. A federal court must apply the substantive laws of its forum state in diversity actions. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). "As a general matter, New Jersey courts tend to enforce choice-of-law provisions in contracts provided the public policies of New Jersey are not offended and the contract bears some relation to the chosen jurisdiction." *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 602 (D.N.J. 2011). Here, the Guaranty states that the laws of Oregon will apply. (Eimon Aff., Ex. C ¶ 9). The contract bears relation to Oregon because that is where Nike maintains its headquarters. Thus, the Court applies the substantive law of Oregon. The four-count complaint alleges breach of contract, quantum meruit, book account, and account stated. (D.E.

No. 1). "Under Oregon law, to state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to the plaintiff. *Commerce & Indus. Ins. Co. v. HR Staffing, Inc.*, No. 3:14-CV-00559-HZ, 2015 WL 133677, at *2 (D. Or. Jan. 8, 2015) (internal quotation omitted). To establish a quantum meruit claim under Oregon law based on the reasonable value materials provided, a plaintiff must prove (1) that the materials were supplied for the benefit of the defendant; (2) that what was supplied was necessary and reasonable; and (3) that the charges for what was supplied were reasonable. *Cyberco Holdings, Inc. v. Con-Way Transp. Servs., Inc.*, 212 Or. App. 576, 592, 159 P.3d 359, 369 (2007). Under Oregon law, in order to prevail on a book account or an account stated claim, a creditor must prove that the account debtor, by words or actions, admitted or agreed that the amount claimed by the creditor in a billing or other statement of the accounting was correct. *DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford*, 868 F. Supp. 2d 1042, 1063 (D. Or. 2011). Here, the Complaint alleges that pursuant to a credit application, Nike sold and delivered merchandise to Defendants at their request, that Defendants have not paid for the merchandise, the amount being sought in damages is reasonable, and that payment has been demanded and refused. (*See* D.E. No. 1). Additionally, Nike has no record of any dispute as to the amount owed for which Nike seeks judgment. (Eimon Aff. ¶ 3). Under Fed. R. Civ. P. 8(b)(6), the Court must deem all of Plaintiff's unopposed allegations admitted. Thus, the Court is satisfied that the Complaint and affidavits accompanying this motion set forth a sufficient cause of action.

14. Third, to determine whether granting default judgment is proper, the Court must consider three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject the default. *See*

*Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 537 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987)).  "However, these factors are more applicable to situations where the defaulting party has made an appearance, particularly where the party wishes to reopen a previously entered default."  *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, 2007 WL 1674485, at *3 (D.N.J. June 8, 2007) (citation omitted).  In cases similar to the instant matter, where the defendant has failed to plead or otherwise defend, courts have held that they are "not in a position then to determine whether [defendants have] a meritorious defense or whether any delay is the result of culpable misconduct."  *Id.* (quotation omitted).  In those same cases, the courts have also held that because plaintiffs have no other recourse to pursue against the defendants, the plaintiffs would be prejudiced if a default judgment were not granted.  *Id.* at 5.  Here, the Court adopts the same rationale.  Alawie has not answered the complaint or availed itself of the opportunity to defend against Nike's allegations, and if default judgment is not entered, there are no other avenues available to Nike.

Accordingly, IT IS on this 6th day of March 2015,

**ORDERED** that Nike's motion for default judgment, (D.E. No. 14), is hereby granted; and it is

**ORDERED** that judgment is entered against Defendant Assaasallah T. Alawie also known as Saad Lawie in the total amount of $434,560.94 which, as detailed in the Eimon Affidavit and Molinaro Certification, represents principal owed of $264,182.61, pre-judgment interest of $96,407.20 and collection and legal fees of $73,971.13; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Order upon the Defendant within 14 days of from the date hereof; and it is further

**ORDERED** that the Clerk of Court shall mark this case closed.

*s/ Esther Salas*
**Esther Salas, U.S.D.J**
